AMOCO OIL COMPANY *v.* PAULINE SALVATORE
(2314)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued October 12—decision released November 22, 1983

*Walter A. DeAndrade,* for the appellant (defendant).

*Socrates H. Mihalakos,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to secure the specific performance of an option to purchase leased premises. The complaint also asked money damages. In a special defense set up in the answer, it was alleged that it would be illegal for the defendant to convey the premises as stipulated in the lease. The court, concluding that the plaintiff is entitled to have the agreement specifically enforced, found against the defendant on her claim of illegality and rendered judgment for the plaintiff from which the defendant has appealed.[1] A special defense in the defendant's amended answer alleged that the option is inequitable and unreasonable which the court found was not proven. The claim was not stressed in her brief and, upon oral argument, she abandoned it.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The condition of the record makes it clear that we can determine all of the issues which appear in the assignment of errors without doing injustice to either party. We therefore shall determine these issues without further consideration of the confusion in the presentation of the case and in the statement of decision by the trial court.

The following facts are undisputed. Twenty-one thousand square feet comprise the leased premises. At the time the lease was executed, there was a dimensional requirement of 20,000 square feet on which a gasoline station could be operated in Cheshire. Later, this was raised to 30,000 square feet and the zoning regulations were amended. The plaintiff operates a gasoline service station on the premises. The plaintiff, exercising its option under the lease, notified the defendant of its intention to purchase the leased premises. The defendant refused to convey the property.

In the present case the answer admits all the essential elements of the complaint. As the case stands, it is one of a refusal to perform by a defendant who claims that the conveyance would violate town zoning regulations and submit her to criminal penalties. The conclusion reached by the trial judge makes it plain that the conveyance was not prohibited by the zoning regulations because it was proved that the property could be put to a conforming use. No attack has been made upon the court's determination and conclusion to that effect. It follows that the plaintiff was entitled to a judgment for specific performance of the agreement.

There is no error.